Brian T. Frawley
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York  10004-2498
Tel:  (212) 558-4000
Fax:  (212) 558-3588
*Attorney for Defendant Judy Brown*

David A. Kotler (NJ 040701993)
DECHERT LLP
502 Carnegie Center, Suite #104
Princeton, NJ 08540-7814
Tel: (609) 955-3200
Fax: (609) 955-3259
*Attorney for Defendant Ronald L. Winowiecki*

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| RYAN R. KRUEGER, Derivatively on behalf of Nominal Defendant PERRIGO COMPANY PLC, | C.A. 2:19-CV-18652-MCA-LDW |
| Plaintiff, | ECF Case<br>Document Electronically Filed |
| v. | **Motion Day**: May 18, 2020 |
| BRADLEY A. ALFORD; ROLF A. CLASSON; ADRIANA KARABOUTIS; JEFFREY B. KINDLER; DONAL O'CONNOR; GEOFFREY M. PARKER; THEODORE R. SAMUELS; JEFFREY C. SMITH; LAURIE BRLAS; GARY M. COHEN; JACQUALYN A. FOUSE; ELLEN R. HOFFING; MICHAEL J. JANDERNOA; GERALD K. KUNKLE, JR.; HERMAN MORRIS, JR.; MURRAY S. KESSLER; JOHN T. HENDRICKSON; JOSEPH C. PAPA; JUDY L. BROWN; RONALD L. WINOWIECKI; DOUGLAS S. BOOTHE; and MARC COUCKE, | |
| Defendants, | |
| PERRIGO COMPANY PLC, | |
| Nominal Defendant. | |

# **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Daimler AG* v. *Bauman*,
   571 U.S. 117 (2014) ......................................................................................... 2, 4

*IMO Indus., Inc.* v. *Kiekert AG*,
   155 F.3d 254 (3d Cir. 1998) ................................................................................ 1

*Mellon Bank (East) PSFS Nat'l Ass'n* v. *Farino*,
   960 F.2d 1217 (3d Cir.1992) ............................................................................... 1

*N.V.E. Inc.* v. *Cosmetic Indus. & Trade Corp.*,
   2010 WL 1381482 (D.N.J. Apr. 5, 2010) ................................................... 1, 2, 3

*Norkunas* v. *S. Pa. Transp. Auth.*,
   2019 WL 6337913 (D.N.J. Nov. 27, 2019) ..................................................... 3, 5

*O'Connor* v. *Sandy Lane Hotel Co., Ltd.*,
   496 F.3d 312 (3d Cir. 2007) ................................................................................ 2

*Premier Trailer Leasing, Inc.* v. *Transfer*,
   2013 WL 3216176 (D.N.J. June 24, 2013) ......................................................... 3

*Provident Nat'l Bank* v. *Cal. Fed. Sav. & Loan Ass'n*,
   819 F.2d 434 (3d Cir. 1987) ................................................................................ 2

**Statutes and Other Authorities**

15 U.S.C. § 78aa(a) .................................................................................................. 3

Federal Rule of Civil Procedure 4(k) ....................................................................... 2

Federal Rule of Civil Procedure 12(b) ..................................................................... 1

Federal Rule of Civil Procedure 23.1 ....................................................................... 1

## DEFENDANTS JUDY BROWN AND RONALD WINOWIECKI'S MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS

Defendants Judy Brown ("Brown") and Ronald Winowiecki ("Winowiecki") (together, "Defendants") respectfully submit this memorandum of law in support of their motion to dismiss Plaintiff Ryan R. Krueger's ("Plaintiff") Verified Stockholder Derivative Complaint (Dkt. 1) (the "Complaint") pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(2), 12(b)(6), and 23.1. Defendants Brown and Winowiecki join in the Motion to Dismiss filed by Defendant Perrigo Company plc ("Perrigo"), and adopt and fully incorporate by reference the arguments set forth in that motion. Defendants Brown and Winowiecki write separately here to specifically address the Complaint's failure to plead any basis of personal jurisdiction.

It is Plaintiff, not Defendants, who "shoulders the burden of demonstrating that jurisdiction is proper." *N.V.E. Inc.* v. *Cosmetic Indus. & Trade Corp.*, 2010 WL 1381482, at *2 (D.N.J. Apr. 5, 2010); *see IMO Indus., Inc.* v. *Kiekert AG*, 155 F.3d 254, 257 (3d Cir. 1998). To satisfy this burden, Plaintiff must first "present[] a *prima facie* case for the exercise of personal jurisdiction by establishing with reasonable particularity sufficient contacts between the defendant and the forum state." *Mellon Bank (East) PSFS Nat'l Ass'n* v. *Farino*, 960 F.2d 1217, 1223 (3d Cir.1992) (internal quotation marks omitted).

Under Federal Rule of Civil Procedure 4, personal jurisdiction may only be exercised over non-resident Defendants Brown and Winowiecki pursuant to New Jersey's long arm statute. Fed. R. Civ. P. 4(k). "New Jersey's long arm statute permits jurisdiction on a non-resident defendant to the extent that is permitted by the Constitution," *N.V.E. Inc.*, 2010 WL 1381482, at *2, which requires that the defendant has "minimum contacts with New Jersey such that maintenance of the suit does not offend traditional notions of fair play and substantial justice," *id.* (alterations omitted) (quoting *O'Connor* v. *Sandy Lane Hotel Co., Ltd.*, 496 F.3d 312, 316 (3d Cir. 2007)). Plaintiff must establish either "specific" jurisdiction—which requires that "the particular cause of action sued upon arose from the defendant's activities within the forum state"—or "general" jurisdiction—which requires that "the defendant has continuous and systematic contacts with the forum state." *Provident Nat'l Bank* v. *Cal. Fed. Sav. & Loan Ass'n*, 819 F.2d 434, 437 (3d Cir. 1987); *see Daimler AG* v. *Bauman*, 571 U.S. 117, 137 (2014) ("For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile.").

Plaintiff has not shown that this Court can properly exercise either form of personal jurisdiction here. The Complaint offers a single, conclusory paragraph to describe in general terms Plaintiff's purported basis for exercising

jurisdiction over all 22 individual defendants.[1]  According to Plaintiff, the individual defendants "conducted much of the wrongdoing complained of herein in this District," and each individual defendant is either "domiciled in this District, maintains a place of business in this District, or has sufficient minimum contacts with this District."  (Compl. ¶ 30.)  The Complaint does not even attempt to allege Defendants Brown or Winowiecki's contacts with New Jersey beyond this conclusory, general paragraph.  By "alleg[ing] absolutely no facts that would connect Defendants to the state of New Jersey," Plaintiff has "come nowhere close to meeting [his] burden."  *Premier Trailer Leasing, Inc.* v. *Transfer*, 2013 WL 3216176, at *2 (D.N.J. June 24, 2013) (finding a lack of personal jurisdiction); *see also Norkunas* v. *S. Pa. Transp. Auth.*, 2019 WL 6337913, at *4 (D.N.J. Nov. 27, 2019) (court found that it lacked jurisdiction where plaintiff failed to allege that defendant "had any contact with New Jersey whatsoever, let alone 'minimum contacts'").  In fact, the Complaint references Perrigo's New Jersey activity in just two paragraphs.  (*See* Compl. ¶¶ 44, 92.)  Not only are these fleeting references woefully inadequate, they reference Perrigo's business operations in New Jersey rather than specific contacts that any individual defendant had.  *Cf. N.V.E., Inc.*,

---

[1] Plaintiff may cite the nationwide service of process provision of the Securities Exchange Act of 1934, *see* 15 U.S.C. § 78aa(a), to argue that the relevant forum for purposes of this analysis is the United States as a whole, not New Jersey.  But the Complaint asserts only state-law claims against Defendants Brown or Winowiecki, and thus that provision has no application here.

2010 WL 1381482, at *4 ("[A]ctions taken in the forum by the corporate entity should not be imputed to an individual defendant for purposes of personal jurisdiction unless the plaintiff establishes that the individual defendant himself took the specific action.").

Plaintiff has not alleged any contacts between Defendants Brown or Winowiecki and New Jersey. Indeed, the Complaint confirms as much in its attempt to persuade this Court to apply Michigan (rather than Irish) law. Plaintiff alleges that Defendant Brown was a "***Michigan*** resident[]" at the time of the alleged wrongdoing (Compl. ¶ 32 (emphasis added)), contradicting the Complaint's allegation that Defendant Brown was "domiciled in this District" (Compl. ¶ 30) and precluding any exercise of general jurisdiction, *see Daimler*, 571 U.S. at 137.[2]

Plaintiff likewise confirms that this Court cannot exercise specific jurisdiction over Defendants Brown or Winowiecki by alleging that "the chief wrongdoers primarily worked from ***Michigan*** headquarters" (Compl. ¶ 35 (emphasis added)), and "orchestrated their wrongdoing" in ***Michigan*** (*id.* ¶ 32 (emphasis added))—directly contradicting the Complaint's allegation that the individual defendants "conducted much of the wrongdoing . . . in this District" (*id.* ¶ 30). Indeed, when Plaintiff demanded that Perrigo's Board of Directors file suit

---

[2]  Defendant Brown is now a resident of California. Defendant Winowiecki is, and was when he was the CFO of Perrigo, a resident of Michigan.


for breach of fiduciary duty, he stated that "legal claims should be brought in *Michigan*." (Dkt. 1-1 at 7 (emphasis added).) If, as Plaintiff asserts, his claims arose from conduct in *Michigan* rather than New Jersey, then this Court has no basis to exercise specific jurisdiction. *See Norkunas*, 2019 WL 6337913, at \*4 (no personal jurisdiction in this District where plaintiff "allege[d] that all relevant conduct occurred in Philadelphia," not New Jersey).

For the foregoing reasons, as well as those discussed in Perrigo's Motion to Dismiss, the Court should dismiss the claims against Defendants Brown and Winowiecki for lack of jurisdiction or, alternatively, for failure to state a claim.

Dated: January 10, 2020

By: */s/ Brian T. Frawley*
Brian T. Frawley
John L. Hardiman (*pro hac vice*)
Michael P. Devlin (*pro hac vice*)
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004-2498
Tel: (212) 558-4000
Fax: (212) 558-3588

*Attorneys for Defendant Judy Brown*

By: */s/ David A. Kotler*
David A. Kotler (NJ 040701993)
DECHERT LLP
502 Carnegie Center, Suite #104
Princeton, NJ 08540-7814
Telephone: (609) 955-3200

>Facsimile: (609) 955-3259
>david.kotler@dechert.com
>
>Hector Gonzalez (*pro hac pending*)
>DECHERT LLP
>Three Bryant Park,
>1095 Avenue of the Americas,
>New York, NY 10036-6797
>Telephone: (212) 698-3621
>Facsimile: (212) 698-3599
>hector.gonzalez@dechert.com
>
>*Attorneys for Defendant Ronald L. Winowiecki*

-6-