# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| RYAN R. KRUEGER, Derivatively on behalf of Nominal Defendant PERRIGO COMPANY PLC,<br><br>Plaintiff,<br><br>v.<br><br>BRADLEY A. ALFORD, *et al.*,<br><br>Defendants,<br><br>PERRIGO COMPANY PLC,<br><br>Nominal Defendant. | Civil Action No. 2:19-CV-18652-MCA-LDW<br><br>*Document Electronically Filed* |

## MEMORANDUM OF LAW IN SUPPORT OF
## THE FORMER DIRECTORS' MOTION TO DISMISS THE COMPLAINT

SKOLOFF & WOLFE, P.C.
Jonathan W. Wolfe,
Barbara A. Schweiger
293 Eisenhower Parkway
Suite 390
Livingston, New Jersey 07039
Telephone: (973) 992-0900
jwolfe@skoloffwolfe.com
bschweiger@skoloffwolfe.com

MILBANK LLP
Alan J. Stone (*pro hac vice*)
55 Hudson Yards
New York, New York 10001
Telephone: (212) 530-5000
astone@milbank.com

Samir L. Vora (*pro hac vice*)
1850 K Street, NW
Suite 1100
Washington, DC 20006
Telephone: (202) 835-7500
svora@milbank.com

*Attorneys for Defendants Laurie Brlas, Gary M. Cohen, Jacqualyn A. Fouse, Ellen R. Hoffing, Michael J. Jandernoa, Gerald K. Kunkle, Jr., and Herman Morris, Jr.*

# **TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT ..............................................................................1

ARGUMENT ...........................................................................................................3

I. PLAINTIFF LACKS STANDING TO ASSERT ITS CLAIMS UNDER IRISH LAW OR, ALTERNATIVELY, THIS ACTION SHOULD BE DISMISSED ON *FORUM NON CONVENIENS* GROUNDS. ....................................................................................................3

II. THE COURT LACKS PERSONAL JURISDICTION OVER THE NON-RESIDENT FORMER DIRECTORS. ....................................................4

    A. The Non-Resident Former Directors Are Not Subject to General Jurisdiction. ..............................................................................5

    B. The Non-Resident Former Directors Are Not Subject to Specific Jurisdiction. ...........................................................................7

CONCLUSION ......................................................................................................11

## **TABLE OF AUTHORITIES**

**Page(s)**

Cases

*A.V. Imports, Inc. v. Col De Fratta, S.p.A.*,
  171 F. Supp. 2d 369 (D.N.J. 2001) .......................................................................10

*Bartone v. NetJets, Inc.*,
  11-cv-8, 2011 WL 2532497 (D.N.J. June 24, 2011) ........................................7, 8

*Bellator Sport Worldwide, LLC v. Zuffa, LLC*,
  10-cv-4091, 2011 WL 13141495 (D.N.J. May 16, 2011) ....................................6

*Citibank, N.A. v. Estate of Simpson*,
  290 N.J. Super. 519 (App. Div. 1996) ..............................................................4, 5

*Exton v. Our Farm, Inc.*,
  943 F. Supp. 432 (D.N.J. 1996) .............................................................................7

*Fairfax Fin. Holdings Ltd. v. S.A.C. Capital Mgmt., L.L.C.*,
  160 A.3d 44 (App. Div. 2017) ...............................................................................8

*Machulsky v. Hall*,
  210 F. Supp. 2d (D.N.J. 2002) ...............................................................................7

*Marlin Leasing Corp. v. Advance Fire Sec. Inc.*,
  2014 WL 1297070 (D.N.J. Mar. 31, 2014) ..........................................................8

*Moreno v. Detroit Spectrum Painters, Inc.*,
  10-cv-3696, 2011 WL 181417 (D.N.J. Jan. 19, 2011) .........................................7

*O'Connor v. Sandy Lane Hotel Co.*,
  496 F.3d 312 (3d Cir. 2007) ...................................................................................8

*Pinninti v. NRI Med. C. (NRIAS)*,
  09-cv-5356, 2010 WL 2483992 (D.N.J. June 4, 2010) ........................................5

*Provident Nat'l Bank v. Cal. Fed. Sav. & Loan Ass'n*,
  819 F.2d 434 (3d Cir. 1987) ...................................................................................4

*Quality Signature Homes, Inc. v. Kennedy Funding, Inc.*,
  08-cv-2759, 2009 WL 235357 (D.N.J. Jan. 29, 2009) ..........................................8

*Reliance Steel Prods. Co. v. Watson, Ess, Marshall & Enggas*,
  675 F.2d 587 (3d Cir. 1982) ...............................................................................7

*Seltzer v. I.C. Optics, Ltd.*,
  339 F. Supp. 2d 601 (D.N.J. 2004) ....................................................................4

*Westfield Ins. Co. v. Interline Brands, Inc.*,
  12-cv-6775, 2013 WL 6816173 (D.N.J. Dec. 20, 2013) ....................................6

Statutes

Fed. R. Civ. P. 4(k)(1)(a) .............................................................................................4

Fed. R. Civ. P. 12(b) ................................................................................................1, 4

Fed. R. Civ. P. 23.1 .....................................................................................................1

Pursuant to Rules 12(b)(1), 12(b)(2), 12(b)(6), and 23.1 of the Federal Rules of Civil Procedure and Rules 7.1 and 7.2 of the Local Rules of the District of New Jersey, Defendants Laurie Brlas, Jacqualyn A. Fouse, Ellen R. Hoffing, Michael J. Jandernoa, Gerald K. Kunkle, Jr., Herman Morris, Jr. (collectively, the "Non-Resident Former Directors"), and Gary M. Cohen ("Cohen," together with the Non-Resident Former Directors, the "Former Directors"), by counsel, hereby move this Court for the entry of an Order dismissing all claims and causes of action asserted against the Former Directors in the complaint brought by Plaintiff Ryan R. Krueger ("Plaintiff") on behalf of the Nominal Defendant Perrigo Company PLC ("Perrigo"), ECF No. 1, (the "Complaint").  None of the Former Directors presently serves in any capacity with Perrigo.

## PRELIMINARY STATEMENT

The breach of fiduciary duty and unjust enrichment claims against the Former Directors must be dismissed because Plaintiff lacks standing to pursue them under governing Irish law.[1]  Alternatively, Plaintiff's action should be dismissed on *forum non conveniens* grounds because if the action should proceed anywhere, it should be Ireland—a forum routinely recognized by United States

---

[1] Plaintiff asserts only breach of fiduciary duty and unjust enrichment claims (Counts I and II) against the Former Directors.  Plaintiff does not assert his remaining claims for violations of the Securities Exchange Act (Counts III and IV) against them.

courts as a suitable alternative and where key witnesses and documentary evidence are likely to reside. These arguments are set forth in Perrigo's brief and the Former Directors join into them in full.

And while those arguments are dispositive of all claims against the Former Directors, and the Court need not extend its inquiry beyond them, the claims against the Non-Resident Former Directors (all of the Former Directors but Cohen) fail for the additional reason that those Directors are not subject to the Court's jurisdiction. Absent from the Complaint are any factual allegations that the Non-Resident Former Directors reside in or have meaningful contacts with New Jersey or that the claims asserted against them arise from any contacts here. Present instead are Declarations from the Non-Resident Former Directors, submitted herewith, affirming that those facts do not exist.[2] Personal jurisdiction over the Non-Resident Former Directors is not only inadequately alleged in the Complaint, it cannot be established.

For the reasons stated herein, and those in Perrigo's brief, the claims against the Former Directors should be dismissed for a lack of standing and/or on *forum non conveniens* grounds or, in the alternative, the claims against the Non-Resident

---

[2] *See* Declaration of Laurie Brlas, attached hereto as Ex. A; Declaration of Jacqualyn A. Fouse, attached hereto as Ex. B; Declaration of Ellen R. Hoffing, attached hereto as Ex. C; Declaration of Michael J. Jandernoa, attached hereto as Ex. D; Declaration of Gerald K. Kunkle, Jr., attached hereto as Ex. E; and Declaration of Herman Morris, Jr., attached hereto as Ex. F (collectively, the "Non-Res. Fmr. Dir. Decls.").

Former Directors should be dismissed for a lack of personal jurisdiction.

## ARGUMENT

**I.    PLAINTIFF LACKS STANDING TO ASSERT ITS CLAIMS UNDER IRISH LAW OR, ALTERNATIVELY, THIS ACTION SHOULD BE DISMISSED ON *FORUM NON CONVENIENS* GROUNDS.**

As explained in Perrigo's Motion, Plaintiff's Complaint should be dismissed because Plaintiff lacks standing to pursue its derivative claims under applicable Irish law.  Plaintiff is not a "member" of Perrigo, nor has he obtained the necessary pre-suit authorization from the Irish High Court, which, as explained by Perrigo's Irish law expert, are prerequisites for him to maintain this derivative suit.  In the alternative, as Perrigo argues, this action should be dismissed pursuant to the *forum non conveniens* doctrine because (i) Plaintiff's choice to sue in New Jersey as a non-resident derivative plaintiff is entitled to little or no deference, (ii) Ireland is an available and adequate alternative forum[3], and (iii) both private and public interests surrounding this litigation weigh in favor of dismissal with leave to refile in Ireland.

To avoid duplicative briefing, the Former Directors incorporate Perrigo's arguments on these points as if fully set forth herein.

---

[3] For the avoidance of doubt, each of the Former Directors is amenable to process in Ireland in connection with the matters set forth in the Complaint should this case be dismissed on *forum non conveniens* grounds.

## II. THE COURT LACKS PERSONAL JURISDICTION OVER THE NON-RESIDENT FORMER DIRECTORS.

Plaintiff's claims fail against the Non-Resident Former Directors for the additional reason that the Court lacks personal jurisdiction over them. *See* Fed. R. Civ. P. 12(b)(2). Plaintiff "bears the burden of establishing with reasonable particularity sufficient contacts between [each] defendant and the forum state to support jurisdiction." *Provident Nat'l Bank v. Cal. Fed. Sav. & Loan Ass'n*, 819 F.2d 434, 437 (3d Cir. 1987). Even accepting as true Plaintiff's threadbare allegations of jurisdiction and resolving disputed facts in his favor, *see Seltzer v. I.C. Optics, Ltd.*, 339 F. Supp. 2d 601, 608 (D.N.J. 2004), Plaintiff has failed to meet that burden.

New Jersey law controls the Court's inquiry. *See* Fed. R. Civ. P. 4(k)(1)(a) (personal jurisdiction established over a defendant subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located). "The general rule [is] that territorial presence in [New Jersey] is the basic prerequisite for subjecting a defendant to its *in personam* judgment." *Citibank, N.A. v. Estate of Simpson*, 290 N.J. Super. 519, 526 (App. Div. 1996). Absent "territorial presence *in personam* jurisdiction may be predicated upon the defendant's contacts with the forum provided they meet the standard of minimum contacts . . . such that maintenance of the suit in the forum does not offend 'traditional notions of fair play and substantial justice.'" *Id.* (quoting *Int'l Shoe Co. v. Washington*, 326 U.S.

310, 316 (1945)).

In determining whether a defendant's contacts satisfy these standards and thus due process, a court must consider whether it has either general or specific jurisdiction. General jurisdiction exists where a defendant "is subject to any claim that may be brought against him in the forum state whether or not related to or arising out of the contacts themselves." *Estate of Simpson*, 290 N.J. Super. at 526-27. Specific jurisdiction, on the other hand, exists where a claim "is related to or arises out of [a defendant's] contacts in the forum." *Id.*

Neither form of jurisdiction exists over the Non-Resident Former Directors.

### A. The Non-Resident Former Directors Are Not Subject to General Jurisdiction.

For the Court to exercise general jurisdiction over the Non-Resident Former Directors, Plaintiff must satisfy the "'rigorous' burden of demonstrating that [each] defendant has 'continuous and systematic' contacts with the forum state such that the defendant should expect to be haled into court on *any* cause of action." *Pinninti v. NRI Med. C. (NRIAS)*, 09-cv-5356, 2010 WL 2483992, at *4 (D.N.J. June 4, 2010) (quoting *Helicopteros Nacionales de Colom., S.A. v. Hall*, 466 U.S. 408, 414-16 (1984)) (emphasis added). Plaintiff, however, pleads *no facts* alleging *any* contact between the Non-Resident Former Directors and the forum state. In support of general jurisdiction, the Complaint makes only the following conclusory allegation:

> "each [individually named] Defendant … is an individual who is domiciled in this District, maintains a place of business in this District, or has sufficient minimum contacts with this District, so as to render the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice."

Compl. ¶ 30. This check-the-box recitation of a legal standard, with absolutely nothing more, does not satisfy Plaintiff's "rigorous burden." *See Westfield Ins. Co. v. Interline Brands, Inc.*, 12-cv-6775, 2013 WL 6816173, at *18 (D.N.J. Dec. 20, 2013) (quoting *Reliance Steel Prods. Co. v. Watson, Ess, Marshall & Enggas*, 675 F.2d 587, 589 (3d Cir. 1982)) (noting that general jurisdiction requires a "higher threshold" showing of facts that is "'extensive and persuasive'"); *Bellator Sport Worldwide, LLC v. Zuffa, LLC*, 10-cv-4091, 2011 WL 13141495, at *4 (D.N.J. May 16, 2011), *report and recommendation adopted*, 10-CV-4091, 2011 WL 13141663 (D.N.J. Dec. 16, 2011) (citing *Helicopteros*, 466 U.S. at 415 n. 9) (holding that the "bare and conclusory allegation" that defendant "does business in the State of New Jersey" is insufficient).

Plaintiff's allegation is also flatly contradicted by the Non-Resident Former Director Declarations. *See* Non-Res. Fmr. Dir. Decls. As the Declarations confirm, the Non-Resident Former Directors do not reside in New Jersey; do not own or rent property in New Jersey; do not have mailing addresses or telephone numbers in New Jersey; do not have bank accounts, funds, or other significant investments registered or located in New Jersey; and do not maintain any

businesses in New Jersey. *See id.*

Courts routinely decline to exercise general jurisdiction in cases even where, unlike here, individuals actually had some meaningful connection to New Jersey.[4] The Non-Resident Former Directors' contacts with New Jersey, to the extent they exist at all, fall far short of even those cases and, in any event, are nowhere close to "continuous and systematic." General jurisdiction does not exist over the Non-Resident Former Directors.

### B. The Non-Resident Former Directors Are Not Subject to Specific Jurisdiction.

Neither does specific jurisdiction exist. "Specific jurisdiction may be invoked only 'when the cause of action arises from the defendant's forum-related activities.'" *Moreno v. Detroit Spectrum Painters, Inc.*, 10-cv-3696, 2011 WL 181417, at *2 (D.N.J. Jan. 19, 2011) (quoting *Vetrotex Certainteed Corp. v. Consol. Fiber Glass Prod. Co.*, 75 F.3d 147, 151 (3d Cir. 1996)). For a court to exercise specific jurisdiction over a defendant, there must be "an 'affiliatio[n]

---

[4] *See, e.g., Reliance Steel Prods. Co.*, 675 F.2d at 589 (finding that purchase by defendant foreign law firm of advertisement in publication which circulated in forum state and an unsolicited referral of business from forum state law firm did not provide sufficient contact with forum state as to establish general jurisdiction); *Bartone v. NetJets, Inc.*, 11-cv-8, 2011 WL 2532497, at *9 (D.N.J. June 24, 2011) (holding that Nebraska-resident corporate officer who regularly traveled through New Jersey airports, both as an individual and in his corporate capacity, was not subject to general jurisdiction in New Jersey); *Machulsky v. Hall,* 210 F. Supp. 2d at 538 (D.N.J. 2002) (denying personal jurisdiction over foreign defendants under a theory of general jurisdiction due to defendants' limited number of contacts with forum state); *Exton v. Our Farm, Inc.*, 943 F. Supp. 432, 440 (D.N.J. 1996) (holding court lacked general jurisdiction over stable located in Pennsylvania, even though horses from that stable were raced in New Jersey and advertisements were placed in publications reasonably expected to generate New Jersey business).

between the forum and the underlying controversy,' principally, activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation." *Fairfax Fin. Holdings Ltd. v. S.A.C. Capital Mgmt., L.L.C.*, 160 A.3d 44, 84 (App. Div. 2017) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)).

Although "[p]hysical entrance is not required, . . . what is necessary is a deliberate targeting of the forum." *O'Connor v. Sandy Lane Hotel Co.*, 496 F.3d 312, 317 (3d Cir. 2007). This analysis cannot rely on "random," "attenuated," or merely "fortuitous" connections between that defendant and the forum. *Bartone.*, 2011 WL 2532497, at *3 (D.N.J. June 24, 2011) (quoting *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 475 (1985)). The critical factor is whether the defendant has purposely availed himself of the privilege of conducting the relevant activities within the forum state. *Quality Signature Homes, Inc. v. Kennedy Funding, Inc*., 08-cv-2759, 2009 WL 235357, at *2 (D.N.J. Jan. 29, 2009).

The ***only allegation*** Plaintiff makes in support of specific jurisdiction is that certain "Individual Defendants" "conducted much of the wrongdoing complained of herein in this District." Compl. ¶ 30. Again, conclusory statements like this, referring to vague and unspecified conduct wholly unsupported by factual matter, are insufficient. *See, e.g., Marlin Leasing Corp. v. Advance Fire Sec. Inc.*, 2014 WL 1297070, at *5 (D.N.J. Mar. 31, 2014) (granting motion to dismiss because

plaintiffs' "bare allegations in the Amended Complaint [we]re not sufficient to make a prima facie showing that personal jurisdiction is proper.").

Plaintiff makes no allegation that any defendant, let alone the Non-Resident Former Directors, committed *any* act in New Jersey, directed at New Jersey, or affecting a New Jersey resident. The *only* specific conduct Plaintiff alleges of the Non-Resident Former Directors is that they signed three Form 10-Ks that contained false or misleading statements. *See* Compl. ¶¶ 103, 113, 123, 294, 299, 301. But even if those acts could be relevant to a jurisdictional analysis, Plaintiff makes no allegation that they had *anything* to do with New Jersey. And in fact, none of the allegations in the Complaint against the individually named defendants concern, reference, or are alleged to have been purposefully aimed at or affected New Jersey or its residents at all.

Any lingering doubts are extinguished by the Non-Resident Former Director Declarations. *See* Non-Res. Fmr. Dir. Decls. As they demonstrate, none of the Non-Resident Former Directors has conducted any Perrigo business, including any of the activities identified in the Complaint, in New Jersey or with any specific consideration of New Jersey or its residents; other than possibly while in transit, none has visited New Jersey in his or her capacity as a member of the Perrigo Board of Directors; none has ever visited any facility, office, or other place of business that Perrigo or any of its subsidiaries ever owned, leased, or otherwise

maintained in New Jersey; none has ever attended a meeting of the Perrigo Board of Directors in New Jersey, nor is aware of any such meetings ever having taken place there; and with regard to the signing of certain security filings on Perrigo's behalf—the only allegation specific to the Non-Resident Former Directors—none of those Directors participated in the drafting or formulation of the filings in New Jersey or signed them there. *See id.*

These sworn statements are uncontroverted and, indeed, incontrovertible. The Non-Resident Former Directors are neither alleged to have purposely availed themselves of the privilege of conducting any of the activities alleged in the Complaint within this jurisdiction, nor, as the Declarations confirm, have they.

In sum, Plaintiff has failed in his burden to allege that the Court has personal jurisdiction over the Non-Resident Former Directors, and the declarations submitted herewith conclusively refute that any such jurisdiction can be established.[5]

---

[5] Even were the Court to determine personal jurisdiction over the Non-Resident Former Directors permissible, the causes of action against them should nevertheless be dismissed as exercising jurisdiction over such defendants who lack "'certain minimum contacts with [the forum]'" would "'offend traditional notions of fair play and substantial justice'"—violating due process. *A.V. Imports, Inc. v. Col De Fratta, S.p.A.*, 171 F. Supp. 2d 369, 371 (D.N.J. 2001) (quoting *Int'l Shoe*, 326 U.S. at 320). As discussed above, there is no connection between the Non-Resident Former Directors alleged misconduct and New Jersey, and, moreover, the Non-Resident Former Directors' contacts in their individual capacities with New Jersey are substantively non-existent. *See supra* at I.A-B. Under these circumstances, it is unreasonable and inequitable to require the Non-Resident Former Director Defendants to defend this suit in New Jersey.

## **CONCLUSION**

For the reasons set forth herein and in the relevant portions of Perrigo's brief, the Court should dismiss the claims against the Former Directors for a lack of standing and/or on *forum non conveniens* grounds or, in the alternative, the claims against the Non-Resident Former Directors should be dismissed for a lack of personal jurisdiction.

Dated:  January 10, 2020              Respectfully submitted,


                                      By: /s/ *Barbara A. Schweiger*

SKOLOFF & WOLFE, P.C.                 MILBANK LLP
Jonathan W. Wolfe,                    Alan J. Stone (*pro hac vice*)
Barbara A. Schweiger                  55 Hudson Yards
293 Eisenhower Parkway                New York, New York 10001
Suite 390                             Telephone: (212) 530-5000
Livingston, New Jersey 07039          astone@milbank.com
Telephone: (973) 992-0900
jwolfe@skoloffwolfe.com               Samir L. Vora (*pro hac vice*)
bschweiger@skoloffwolfe.com           1850 K Street, NW
                                      Suite 1100
                                      Washington, DC 20006
                                      Telephone: (202) 835-7500
                                      svora@milbank.com

*Attorneys for Defendants Laurie Brlas, Gary M. Cohen, Jacqualyn A. Fouse, Ellen R. Hoffing, Michael J. Jandernoa, Gerald K. Kunkle, Jr., and Herman Morris, Jr.*